# CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Ira Gonzales

November 1, 2000

Case No. (Criminal) 13519

By Judge Thomas D. Horne

Defendant seeks to suppress certain evidence seized from his residence on February 15, 2000. On that date, Loudoun County Sheriff's Department narcotics officers went to the home of the defendant as a result of an anonymous tip. The record is silent as to the nature of the tip. Upon arriving at the home, the officers were met by Tom Riedel, a former roommate of the defendant. Riedel was returning keys to the house when the officers arrived. Riedel had no actual authority to permit the officers' entry into the house.

Investigator Dodson, one of the officers responding to the tip, testified that when Mr. Riedel opened the door of the residence he detected an odor of marijuana. Upon questioning Riedel, Dodson's suspicions were aroused as to whether Riedel had a right to be on the premises. It is clear from the testimony that Dodson did not reasonably believe Riedel had authority to consent to the officers' search of the premises. To the contrary, he suspected Riedel of being a trespasser. There is nothing in the record to indicate that a reasonable police officer would have concluded otherwise.

Thus, consent to enter the premises was given by one who lacked either actual or apparent authority. *Illinois v. Rodriguez*, 497 U.S. 177, 111 L. Ed. 2d 148, 110 S. Ct. 2793 (1990); *Jones v. Commonwealth*, 32 Va. App. 30, 526 S.E.2d 281 (2000). It would be illogical to conclude that a police officer may find it reasonable to believe a person is illegally on a certain premises but that such trespasser can reasonably consent to a search of the same premises. This warrantless search cannot be justified upon a finding of consent.

However, the failure of the Commonwealth to show either actual or apparent authority to consent does not end the inquiry regarding the reasonableness of the search. In determining whether the search of the residence was reasonable, the Court must apply an objective standard of reasonableness. That is, the validity of the instant search must be determined from an objective assessment of the facts and circumstances facing the officer at the time of the search. *Limonja v. Commonwealth*, 8 Va. App. 532, 538, 383 S.E.2d 476 (1989); *Maryland v. Macon*, 472 U.S. 463, 86 L. Ed. 2d 370, 105 S. Ct. 2778 (1985). Thus, the motives of the officers are not determinative of the reasonableness of the search.

In the instant case, the officers were justified in entering the home when they initially smelled the odor of marijuana coming from the door and the person of Mr. Riedel. See generally, Annotation 5 A.L.R. 4th 681. However, once in the foyer, the officer made no mention of the smell coming from any other part of the home. To the contrary, he felt constrained to rely upon the consent of the occupant before going beyond the boundaries of the foyer. On one occasion the officer sought permission to spit in a trash can a short distance from where he was standing but took a circuitous route through the den and kitchen to get there. On another, the officer asked to look at a magazine at the far end of the living room from where he was standing. There were no facts, once the officers entered the building, which would independently of the consent given by Mr. Riedel have justified such an intrusion without a warrant into the den, kitchen, or living room.

Accordingly, the motion to suppress will be granted.